**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KATHRYN JOHNSON**,** | ) Civil Action No.: |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE: |
| v. | ) |
| | ) |
| JOHNSON SMITH & ASSOCIATES, | ) **COMPLAINT WITH JURY DEMAND** |
| | ) |
| and | ) |
| | ) |
| EDWARD LOGAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | * * * |

### I. Jurisdiction and Venue

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and for the related State-law claim, by 28 U.S.C. § 1367.

2. Venue is proper in this Court and district because the Defendants' acts complained of occurred in Ross County, Ohio.

### II. Parties

3. Plaintiff Kathryn Johnson ("Ms. Johnson") is a natural person residing in Ross County, Ohio.

4. Defendant Johnson Smith & Associates ("Johnson Smith") is a business venture, whose true identity and business address is not yet known.

5. Upon information and belief, Johnson Smith is a false name.

6. At all times relevant, Johnson Smith's name was not registered with Ohio's Secretary of State.

7. Upon information and belief:

   a. The principal purpose of Johnson Smith is the collection of debts using the mails and interstate telephone systems.

   b. Johnson Smith regularly attempts to collect debts alleged to be due another.

   c. Johnson Smith collects the debts of another as a matter of course.

8. At all times relevant to this case, Johnson Smith was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

9. Johnson Smith's true address is unknown to Plaintiff at this time.

10. Defendant Edward Logan ("Mr. Logan") is an individual natural person.

11. Upon information and belief, "Edward Logan" is not Mr. Logan's true name.

12. Upon information and belief, Mr. Logan regularly attempts to collect debts alleged to be due another, and collects the debts of another as a matter of course.

13. At all times relevant to this case, Mr. Logan was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

14. Mr. Logan's address is unknown to Plaintiff at this time.

15. At all times relevant to this case, Mr. Logan acted as an agent of Johnson Smith.

### III.  Factual Allegations

16. On or about July 31, 2017, Mr. Logan phoned Ms. Johnson at her home in Ross County and spoke to her. In the conversation, Mr. Logan identified himself as "Edward Logan" from "Johnson Smith & Associates," and wanted her to pay a credit card debt that he said was about 10 years old. Mr. Logan told Ms. Johnson that because she has not paid the alleged debt, he would have her served by someone from a court "on Wednesday" between noon and 3:00pm. Mr. Logan knew Ms. Johnson's name and the last four digits of her social security number. Mr. Logan referred to the fact that Ms. Johnson had previously been represented by an attorney regarding the alleged debt, and told her that it was "no use" calling the attorney, because "he can't help you with this."

17. After speaking to Mr. Logan, Ms. Johnson was very upset, and worried that she was being sued, or possibly being charged with a crime.

18. At all times relevant, upon information and belief, there was no civil or criminal claim pending against Ms. Johnson in any court of competent jurisdiction.

19. Upon information and belief, at all times relevant, Defendants' normal business practices did not include filing civil or criminal cases against Ohio debtors.

20. Upon information and belief, at all times relevant, Defendants had no intent to file a civil or criminal claim against Ms. Johnson, nor to have her served her with any court papers.

21. Upon information and belief, at all times relevant, Defendants had no authority from a creditor to file a civil case against Ms. Johnson relating to a debt.

22. Upon information and belief, at all times relevant, Defendants had no authority from any prosecuting authority to file a criminal case against Ms. Johnson relating to a debt.

3

23. At all times relevant, Defendants had no authority, nor intent, to have Ms. Johnson served.

24. Since the events described above, Ms. Johnson has not been served with any papers, formally or informally, relating to any debt.

25. Upon information and belief, Defendants' actions described above were intended to cause her to pay on an old credit card debt, with she had incurred for her personal use prior to 2007.

26. Defendants have not sent Ms. Johnson any written communication that identified the amount of the Alleged Debt, the name of the creditor to whom it was allegedly owed, and a statement advising of Ms. Johnson's right to request and obtain verification of the Alleged Debt and the name of the original creditor.

27. Defendants failed, in each of their communications, to disclose their true names.

28. As a result of Defendants' actions, Ms. Johnson has suffered actual damages, including but not limited to, significant stress, worry, frustration, embarrassment, wasted time, aggravation, and inconvenience.

**IV.  First Claim for Relief –Violations of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates by reference all of the above allegations.

30. Defendants' actions violated 15 U.S.C. § 1692d and d(1).

31. Defendants' actions violated 15 U.S.C. § 1692e, e(2), e(5), e(10), e(11) and e(14).

32. Defendants' actions violated 15 U.S.C. § 1692f.

33. Defendants' actions violated 15 U.S.C. § 1692g.

4

34. As a result of the above violations of the FDCPA, Ms. Johnson has suffered actual

damages.

**V.  Second Claim for Relief –  Invasion of Privacy (Intrusion Upon Seclusion)**

35. Plaintiff incorporates by reference all of the above allegations.

36. Defendants blatantly lied to Ms. Johnson about their identity, the legal status of an

alleged debt, and falsely threatened her with being served by a court, to try to convince

her to pay the Alleged Debt.

37. Defendants' actions, as described above, were a wrongful intrusion into Ms. Johnson's

private activities in such a manner as to outrage or cause mental suffering, shame or

humiliation to a person of ordinary sensibilities.

38. Defendants' actions caused Ms. Johnson to be worried, nervous and apprehensive, and

caused her to fear that she may be arrested or served with a law suit.

39. Ms. Johnson has at times been highly upset at Defendants' actions.

40. As a proximate cause of Defendants' actions and practices, Ms. Johnson suffered actual

damages, including mental distress, inconvenience, outrage, anger, aggravation,

frustration, anxiety, and stress.

41. The acts of Defendants were reckless, wanton, willful and gross.

42. Defendants' conduct was characterized by actual malice.

43. Defendants' conduct was characterized by hatred, ill will or a spirit of revenge.

44. Defendants' conduct demonstrates a total and conscious disregard for the law and the

rights of Ms. Johnson.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants jointly and severally for the following:

A)  Actual damages as determined by the trier of fact.

B)  Punitive damages as determined by the trier of fact.

C)  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

D)  Court costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

E)  Interest as allowed by law.

F)  For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury to hear and determine the issues of the above-captioned case.

Date: October 30, 2017

Respectfully submitted,

/s/  Gregory S. Reichenbach
Gregory S. Reichenbach   (Ohio Bar #0077876)
P.O. Box 711
Perrysburg, OH 43552-0711
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com

Attorney for Plaintiff